IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY WILSON, as Special Representative and Special Administrator of the Estate of FREIDA WILSON, Deceased** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WAL-MART STORES, INC., a Delaware Corporation d/b/a WAL-MART, WAL-MART ASSOCIATES, INC., a Delaware Corporation d/b/a WAL-MART, WAL-MART STORES EAST INC., a Delaware Corporation d/b/a WAL-MART,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | CIVIL NO. 12 - 834-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a

complaint is filed is check to see that federal jurisdiction is properly alleged.").

Plaintiff claims this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction. The exercise of federal subject matter jurisdiction in diversity requires the parties to a case be completely diverse; which is to say, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, 2009 U.S. Dist. LEXIS 105888 at *1 (S.D. Ill. Nov. 10, 2009).[1]

The Court now turns to the citizenship of Plaintiff in this matter. Plaintiff filed this lawsuit pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq* (Doc 1). The statutory grant of diversity jurisdiction to the federal courts, 28 U.S.C. § 1332(c)(2) provides, in pertinent part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). Accordingly, "federal district courts in this Circuit commonly hold that in actions brought in a representative capacity, such as wrongful death and survival actions, a plaintiff's citizenship for diversity purposes is the citizenship of plaintiff's decedent." *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 U.S. Dist LEXIS 75048, at *4, 2009 WL 2601364 (S.D. Ill. 2009).

Here, Plaintiff's decedent is Freida Wilson (Doc. 1). Although the notice of removal states that Freida Wilson was a "citizen and resident of the State of Illinois" (Doc. 1), jurisdictional allegation based upon "information and belief" are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc.*, 980 F.2d at 1074. Although it seems likely Plaintiff will be

---

[1]The Court notes that it is satisfied here the amount in controversy exceeds $75,000.00.

able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995)

Accordingly, Defendants are **ORDERED** to file an Amended Notice of Removal **on or before August 10, 2012** to establish the citizenship of Freida Wilson.  If Defendant fails to file an Amended Notice of Removal in the manner and time prescribed or if, after reviewing it, the Court finds that Defendant cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: August 2, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge