IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY WILSON, as Special Representative and Special Administrator of the Estate of FREIDA WILSON, Deceased** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **CIVIL NO. 12 - 834-GPM** |
| **WAL-MART STORES, INC., a Delaware Corporation d/b/a WAL-MART, WAL-MART ASSOCIATES, INC., a Delaware Corporation d/b/a WAL-MART, WAL-MART STORES EAST INC., a Delaware Corporation d/b/a WAL-MART,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court, for the *second time sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

Defendants claim this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction (*See* Doc. 21). The exercise of federal subject matter jurisdiction in diversity requires the parties to a case be completely diverse; which is to say, no

plaintiff may be a citizen of the same state as any defendant, and the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, 2009 U.S. Dist. LEXIS 105888 at *1 (S.D. Ill. Nov. 10, 2009).

This case was initially filed in the Law Division of the Circuit Court of Cook County Illinois (*See* Doc. 1-3). Defendants removed the case to the United States District Court for the Northern District of Illinois (Doc. 1). The case was then transferred here to the United States District Court for the Southern District of Illinois (Doc. 14).

The initial notice of removal in this case stated that "[o]n information and belief, the decedent FREIDA WILSON was, at the time of the subject accident, a citizen and resident of the State of Illinois." (Doc. 1, ¶ 2). The citizenship of the decedent clearly matters here because the statutory grant of diversity jurisdiction, 28 U.S.C. § 1332(c)(2), provides, in pertinent part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2).

It is well settled that jurisdictional allegations based upon "information and belief" are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc., v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). Accordingly, the Court ordered Defendants to file an amended notice of removal to properly plead the citizenship of the decedent Freida Wilson as a matter of certainty, *not* based on information and belief (Doc. 20). And yet on August 10, 2012, Defendants filed an amended notice of removal that again stated "[o]n information and belief, the Decedent FREIDA WILSON, was at the time of the subject accident, a citizen and resident of the State of Illinois." (Doc. 21, ¶ 2).

The Court cannot be more clear: jurisdictional allegation based upon "information and belief" are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc.*, 980 F.2d at 1074. Defendants' amended notice of removal failed to cure this jurisdictional defect and therefore, this case is **REMANDED** to the Circuit Court of Cook County, Illinois, Law Division for lack of federal subject matter jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."). The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: September 6, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge